*Scan*

O
11

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY L. CARPENTER, | ) | Case No. CV 06-4304-GPS (RNB) |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MICHEAL EVANS, | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable George P. Schiavelli, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

On July 7, 2006, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The sole claim alleged in the Petition is that the trial court abused its discretion when, on remand from the state appellate court, it denied petitioner's motion to strike his prior felony convictions. (See Pet. at ¶ 7a, attached pages).

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475,



4

040

116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").

Here, it appears from the face of the Petition that the sole ground for relief being alleged by petitioner is not cognizable since it is based on the trial court's alleged abuse of discretion, allegedly in violation of state procedural law and/or state sentencing law. See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (rejecting as noncognizable claim that trial court had failed to exercise its discretion under Romero), judgment vacated on other grounds, 538 U.S. 901 (2003); see also Poland v. Stewart, 169 F.3d 573, 584 (9th Cir.) ("Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."), cert. denied, 528 U.S. 845 (1999).

The fact that petitioner may be purporting to characterize this state law claim as a federal constitutional claim is insufficient to render it such. See, e.g., Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.) (holding that a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings), cert. denied, 522 U.S. 881 (1997); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.) (rejecting as noncognizable a state habeas petitioner's federal due process challenge to the trial court's imposition of consecutive sentences), cert. denied, 514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting as noncognizable a state habeas petitioner's federal due process challenge to the trial court's failure to merge, for purposes of sentencing, his kidnapping for robbery conviction with his attempted murder or rape convictions).

\\

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered summarily denying the Petition and dismissing this action with prejudice.

DATED: 7/13/06

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE